factors listed by the Subcommittee on the Constitution of the Senate Judicial Committee. I have examined these factors in light of the evidence in this case and have concluded that on the basis of the "totality of circumstances," the Voting Rights Act has not been violated.

5. There is another consideration. This change from an at-large to a ward election originated as an initiated measure, the most democratic form of legislation, and was approved by the people of Pine Bluff. The districting plan was adopted by a City Council elected by procedures tested and approved by the Court of Appeals in *Dove v. Moore, supra.* A judge should give serious consideration to intervention on the eve of election into election procedure legislated by the people themselves and their elected representatives. Campaigns are presently in progress in three of the wards. Enjoining this election would mean loss of time and money by the candidates which can never be regained. I have concluded that the factors enumerated in *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109 (8th Cir.1981), which govern the issuance of injunctions in this circuit, preponderates in favor of the defendants.

"Worsham") have brought a motion to modify or amend the findings of fact and conclusions of law in this court's opinion of January 6, 1986, 625 F.Supp. 820.

The defendants have noted an inadvertent reference to Worsham in the January opinion. Therefore, the second sentence of the third paragraph on page seven of that opinion is hereby amended to read, "Silverman, Werner and Edelman personally guaranteed a line of credit which was obtained at Florida National Bank." This amendment to the findings of fact in no way requires a modification of the judgment. The Florida National Bank loan funds were used for a variety of purposes in connection with the River Parc Hotel project, and Silverman and Edelman were personally liable for the line of credit extended. The personal liability of the plaintiffs for these payments requires that they be included within the indemnification provision as found in the January opinion. Therefore, Worsham's motion to modify the judgment is denied.

IT IS SO ORDERED.

Henry R. SILVERMAN; Peter F. Edelman; Adrian B. Werner; HRS/Dallas Parc, Inc.; PFE/Dallas Parc, Inc.; and ABW/Dallas Parc, Inc., Plaintiffs,

v.

WORSHAM BROTHERS CO., INC. and Earl S. Worsham, Defendant.

No. 84 Civ. 5063 (RWS).

United States District Court, S.D. New York.

May 23, 1986.

MEMORANDUM OPINION

SWEET, District Judge.

The defendants Worsham Brothers Co., Inc. and Earl S. Worsham (collectively

Ralph HALL

v.

DIAMOND M COMPANY Transocean Contractors, Inc. M/V Fortune.

Civ. A. No. 81–5034.

United States District Court, E.D. Louisiana.

May 23, 1986.